Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50332 | **DATE** | 10/10/2001 |
| **CASE TITLE** | Seaga Manufacturing, Inc. vs. Fortune Metal, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss is denied in part and granted in part. Fortune Metal, Inc., Fortune Rope & Metal Co., Inc., Fortune Plastic & Metal, Inc., and Norman Ng are dismissed as defendants. Counts I, II, IV, and V are dismissed without prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | OCT 10 2001 | 18 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 OCT 10 PM 3:13 | 10-11-01 date mailed notice | |
| /LC | courtroom deputy's initials | FILED-WD Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

(Reserved for use by the Court)

Plaintiff, Seaga Manufacturing, Inc. ("Seaga"), has filed a five-count amended complaint against defendants, Fortune Metal, Inc., Fortune Resources Enterprises, Inc., Fortune Rope & Metal Co., Inc., Fortune Plastic & Metal, Inc., Norman Ng, and Joseph Schwartz. Diversity jurisdiction is proper under 28 U.S.C. § 1332. Before the court is defendants' motion to dismiss for, among other things, lack of personal jurisdiction and failure to state a claim, filed pursuant to Federal Rules of Civil Procedure 12(b)(2) (incorrectly referred to as Rule 12(b)(3) by defendants) and 12(b)(6), respectively.[1]

Taking up the personal jurisdiction issue first, Schwartz avers in an affidavit that three of the Fortune companies — Fortune Metal, Fortune Rope & Metal, and Fortune Plastic & Metal — had no "relationship[] of any kind whatsoever" with Seaga. (Def. Exh. E, Schwartz Aff. ¶ 3) Seaga offers no reason to dispute this or any alternative basis to assert jurisdiction over these three defendants, so the court will grant the Rule 12(b)(2) motion as to them. Seaga has likewise failed to satisfy its burden of establishing personal jurisdiction over Ng. The only evidence it introduces to connect Ng with Illinois are the affidavits of Steven Chesney, Seaga's CEO, and Robert Rosenthal, a former Seaga salesman. While Chesney says Ng visited him twice at Seaga's plant in Illinois to "discuss the transactions involved in the pending lawsuit," Rosenthal avers only that Ng was present at a trade show in Chicago at the same he (Rosenthal) was there. (Pl. Exh. B, Rosenthal Aff. ¶ 12; Pl. Exh. C, Chesney Aff. ¶ 4) But because neither Chesney nor Rosenthal specify the contents of their meetings with Ng, their vague statements standing alone are insufficient to connect Ng's Illinois contacts with Seaga's claims. See Steel Warehouse of Wis., Inc. v. Leach, 154 F.3d 712, 714-15 (7th Cir. 1998).

On the other hand, the court finds ample basis to exercise jurisdiction over Fortune Resources Enterprises ("Fortune")[2] and Schwartz. In particular, Seaga has submitted evidence of nearly countless letters, faxes, and other communications going back and forth between it (in Illinois) and Fortune (in New Jersey) over a year-long period from early 1998 to early 1999, many of which discuss in great detail the plans, designs, drawings, and specifications of Seaga's change machines and "cold beverage merchandisers" – the very same "confidential proprietary information" Seaga alleges Fortune misappropriated. Schwartz himself signed several of these communications (Pl. Exhs. 24, 63, 65, 69), personally visited Seaga's plant in Illinois, and even lived in Illinois during the first half of 1998 before moving to New Jersey. And the very purpose behind the deal between the companies was to have Fortune build these machines and merchandisers in New Jersey, and then *send them back to Seaga in Illinois*, which Fortune did at least once before the relationship broke down. In addition, Schwartz met with Rosenthal on two separate occasions in Illinois, and sent an airline ticket to Rosenthal in Illinois to induce him to come to New York, all for the purpose of talking Rosenthal into working for Fortune – actions which Seaga considers part of its tortious interference with contract claim. The court thus finds jurisdiction over Fortune and Schwartz is proper because their contacts with Illinois bear directly on the substantive legal dispute between them and Seaga, such that they should have reasonably anticipated being haled into court in Illinois. See Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1360-61 (7th Cir. 1996); cf. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1278-79 (7th Cir. 1997). Although Schwartz has raised the "fiduciary shield" doctrine to excuse him from defending this suit, see generally Rollins v. Ellwood, 565 N.E.2d 1302, 1313-18 (Ill. 1990), he has done so in rather conclusory fashion. Should further discovery reveal Schwartz is entitled to the fiduciary shield, he may raise the issue at a later time. See Rice v. Nova Biomedical Corp., 38 F.3d 909, 914-15 (7th Cir.), cert. denied, 514 U.S. 1111 (1995).

Turning to the Rule 12(b)(6) motion, the court agrees Counts I (unfair competition), II (fraud), and V (Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq.) of Seaga's amended complaint are preempted by the Illinois Trade Secrets Act, 765 ILCS 1065/8(a) ("ITSA"). Perhaps realizing these three counts are all premised on the theory that Fortune misappropriated Seaga's trade secrets – specifically, the "confidential proprietary information" concerning the design and manufacture of Seaga's machines and its customer information – Seaga does not even attempt to salvage them from a preemption attack. As for Count IV (tortious interference), Seaga clarifies in its response brief this count is meant to embrace two claims: that Schwartz and Ng unlawfully "lured Rosenthal away from Seaga" and that Fortune unlawfully solicited one of Seaga's existing customers, a company by the name of "Dry & Thirsty." If that is the case, the court does not believe they are preempted by the ITSA but finds Seaga has nevertheless failed to set out a proper bases for these claims, as it does not allege it even had valid and enforceable contracts with either Rosenthal or Dry & Thirsty and also does not allege the necessary elements of a claim for tortious interference with economic expectancy. The court will accordingly dismiss these four counts. Defendants also seek to dismiss Count III (breach of contract) based on a statute of frauds defense, but Seaga has attached sufficient evidence to its response brief (for purposes of a motion to dismiss) to show the statute of frauds does not apply.

For the reasons stated above, defendants' motion to dismiss is granted in part and denied in part. Fortune Metal, Fortune Rope & Metal, Fortune Plastic & Metal, and Norman Ng are dismissed as defendants. Counts I, II, IV, and V are dismissed without prejudice.[3]

---

[1] Defendants initially argue Seaga should not have been allowed to file an amended complaint in the first place because its original complaint, brought against a separate defendant, had previously been dismissed on November 9, 2000, when the court was notified the case had been settled. However, since the court had not yet entered final judgment and retained jurisdiction to enforce the settlement, it was clearly within the Magistrate Judge's discretion to reinstate the case two weeks later upon Seaga's motion and to grant it leave to file an amended complaint three weeks after that.

[2] Because the parties assume jurisdiction over Fortune is otherwise proper under the Illinois long-arm statute and the Illinois Constitution, the court will jump ahead to the issue of whether jurisdiction comports with the federal Constitution. See Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 940 (7th Cir. 2000), cert. denied, 121 S. Ct. 1406 (2001).

[3] In response to Seaga's request for leave to file an amended complaint, the court simply refers it to Fed. R. Civ. P. 15(a) and notes defendants have not yet filed an answer or other "responsive pleading" to its amended complaint. Seaga is also cautioned that multiple amended complaints are not favored and extra care should be taken to make sure any future amended complaint avoids the type of problems raised in the present motion to dismiss so the court is not called upon to entertain multiple motions to dismiss.