Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50332 | **DATE** | 10/23/2002 |
| **CASE TITLE** | Seaga Mfg. Inc. vs. Rosenthal, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket] For the reasons stated on the attached memorandum opinion and order, the Plaintiff's Motion to Compel is granted in part and denied in part. The Magistrate Judge orders the attorneys' eyes only designation be removed only when there is a match between Plaintiff's customer list and Defendants' customer list so that Chesney may assist Plaintiff's counsel. The Magistrate Judge orders this done by November 4, 2002. Additionally, the Magistrate Judge orders Defendants to deliver the manufacturing drawings in question to the office of Plaintiff's counsel. Any manufacturing drawings delivered to Plaintiff's counsel must remain in his office so that Chesney may review those drawings. Under no circumstances may Chesney make copies of the drawings or remove them from the office of Plaintiff's counsel. The Magistrate Judge orders this be done within a reasonable time. Finally, the Magistrate Judge orders Defendants to disclose, within a reasonable time, all shipping documents and bills of lading, from March 1999 through 2001, regarding cold beverage merchandisers and change machines.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 24 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 OCT 23 PM 3:53 | 10/23/2002 | |
| sp | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice sp | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| SEAGA MANUFACTURING, INC., an Illinois corporation | )<br>)<br>) |
| Plaintiff, | ) Case No. 99 C 50332<br>) |
| v. | ) Philip G. Reinhard<br>) P. Michael Mahoney |
| FORTUNE RESOURCES ENTERPRISES, INC. and JOSEPH SCHWARTZ | )<br>)<br>)<br>) |
| Defendant. | ) |

## Memorandum Opinion and Order

Fortune Resources Enterprises and Joseph Schwartz (collectively "Defendants") filed a Motion to Compel Plaintiff to Supplement Written Discovery Responses and to Produce Documents ("Defendants' Motion to Compel"). In response to Defendants' Motion to Compel, Seaga Manufacturing ("Plaintiff") filed a Response to Motion to Compel and Countermotion to Compel and to Remove Attorneys' Eyes Only Designation (Plaintiff's Motion to Compel). After a hearing on October 4, 2002, Defendants filed their Response to Plaintiff's Motion to Compel addressing issues still remaining after the in court hearing. For the following reasons, Plaintiff's motion is granted in part and denied in part.

## Background

On January 9, 2001, Plaintiff filed its Amended Complaint against six parties. On March 5, 2001, the six defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(3), 12(b)(6), 8(e), and 9(b). On October 10, 2001, the district court dismissed four of the five

1

counts of Plaintiff's Amended Complaint and dismissed four of the six named Defendants, leaving only the two named Defendants in this action. The remaining count, Count III, of Plaintiff's Second Amended Complaint alleges Defendants breached a confidentiality agreement, tortiously interfered with Plaintiff's relationship with one of its employees, and tortiously interfered with Plaintiff's relationship with its customers.

On September 27, 2002, Defendants filed their Motion to Compel arguing that Plaintiff failed to supplement discovery already served to Defendants as agreed by both parties. (Def.s' Mot. to Compel at 4). Specifically, Defendants argue that Plaintiff agreed to the following:

> A. **Interrogatory Nos. 7 and 8**: Plaintiff "describe the method by which Plaintiff developed its design" for cold beverage merchandise and change machines, "including, but not limited to, who developed the design, when the design was developed, and whether this design was patterned upon designs developed by other entities."
> **Alleged Agreement**: Counsel agreed to inquire into additional detail on the subject.
> B. **Interrogatory 9**: Seeking Plaintiff's answer as to "whether Plaintiff contends that its processes, designs, and specifications for cold beverage merchandisers and change machines are proprietary."
> **Alleged Agreement**: Defendant's counsel agreed to narrow such that Plaintiff need only respond at this time as to whether its process, designs, and specifications constitute trade secrets.
> C. **Interrogatory No. 10**: Identify "all persons and entities from whom Plaintiff has purchased cold beverage merchandisers or change machines within the last 10 years."
> **Alleged Agreement**: Plaintiff's counsel agreed to investigate.
> D. **Interrogatory No. 11**: Calls for identification of all persons and entities to whom Plaintiff has sold cold beverage merchandisers or change machines within the last 10 years. Also, dates, quantities sold, and purchase prices are asked.
> **Alleged Agreement**: Response would be burdensome--but Plaintiff agreed to look into a means by which to gain access to Plaintiff's customer database.
> E. **Interrogatory No. 12**: Seeks the identity of the designers of Plaintiff's cold beverage merchandisers and change machines and Plaintiff's Mfging process for these machines.
> **Alleged Agreement**: Plaintiff's counsel agreed to inquire.
> F. **Interrogatory No. 16**: Documents relating to Plaintiff's sales of cold beverage

        merchandise or change machines.
        **Alleged Agreement**: Plaintiff's counsel agreed to look into a means by which he can gain access to Plaintiff's customer database.
        G. **Interrogatory No. 17**: Seeks documents relating to entities other than Defendants from whom Plaintiff has purchased cold beverage merchandisers and change machines, including contracts, confidentiality agreements, and purchase orders.
        **Alleged Agreement**: Plaintiff's counsel agreed to investigate as to whether such entities exist.

(Def.'s Mot. to Compel at 4-6).

Plaintiff responded to Defendants' Motion to Compel by filing, on October 2, 2002, a response to Defendants' Motion to Compel and also a Countermotion to Compel. (Plaintiff's Motion to Compel at 1). Plaintiff's motion argues that Defendants have refused to supply purchase orders, invoices, bills of lading, shipping documents, delivery receipts, orders, inventory records, accounting records and related documents regarding its marketing and sale of the change machines and cold beverage merchandisers. (Pl.'s Mot. to Compel at 5-6). Plaintiff also argues it is entitled to Defendant Fortune Resource's credit card, phone bill and related documents regarding its contacts with Defendant Joseph Schwartz[1]. (Id. at 6).

Additionally, Plaintiff requests the Magistrate Judge lift the "attorneys' eyes only" designation that Defendants have attached to the bulk of their documents. Specifically, counsel for Plaintiff argues that there are detailed drawings and correspondence of change machines and cold beverage machines and that counsel has to be able to disclose the information to Steven Chesney ("Chesney"), a principal of Plaintiff who originally directed the manufacturing of the machines. Counsel argues that only Chesney will be capable of determining that the information originally

---

[1] Plaintiff has since withdrawn the request for Defendant Fortune Resources credit card, phone bill and related documents regarding its contacts with Defendant Joseph Schwartz. (Tr. of October 4, 2002 Hearing at 20).

3

came from him, how any alleged modifications to the machines were made or conceived, and whether Defendants could have conceived of any alleged modifications on their own. (Pl.'s Mot. to Compel at 6).

On October 4, 2002, the parties presented their respective motions in an in court hearing before the Magistrate Judge. During this hearing, the parties agreed on some contested issues (discussed below) but did not agree on two issues. The Magistrate Judge gave the Defendants until October 18, 2002 to respond to these issues. In receipt of that response, the Magistrate Judge now addresses all the issues presented by both parties.

## **Discussion**

Under Federal Rules of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, ... . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The 2000 amendments to Rule 26(b)(1) narrowed the scope of discoverable material with the inclusion of the term "relevant to the claim or defense of any party" and the removal of the term "relevant to the subject matter involved in the pending action." *Compare State of Illinois v. Tri-Star Industrial Lighting, Inc*, No 99 C 8156, 2000 WL 1508248, *1 (N.D. Ill. Oct. 6, 2000)(stating "The key phrase in this definition– 'relevant to the subject matter involved in the pending action'-- has been construed broadly ... .")(citing *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 (1978)), *with Behler v. Hanlon*, 199 F.R.D. 553, 555 (D. Md. 2001)(stating the "new version of Rule 26(b)(1) ... defines the scope more narrowly ... .") However, the narrowing of Rule 26(b) does not mean that a fact must be alleged in a pleading for the party to be entitled to discovery or information concerning that fact. Rather, it

4

means that the fact "must be germane to a specific claim or defense asserted in the pleading for information concerning it to be a proper subject of discovery." *See* 6 Moore's Federal Practice, § 26.41 (Matthew Bender 3d ed.).

However, under 26(b)(2), a court may limit discovery "if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, ... or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, ... ." Fed. R. Civ. P. 26(b)(2). With this in mind, the Magistrate Judge will address each party's respective motion.

**Attorneys' Eyes Only--Defendants Customer Lists**

The Magistrate Judge first addresses the now uncontested issue whether Chesney can look at Defendants' customer lists already given to Plaintiff's counsel. During the October 4, 2002 hearing, the parties agreed to a resolution of the issue and the Magistrate Judge will now just revisit that resolution in this Order. As agreed upon by both parties, Plaintiff will develop a list of its own customers that Plaintiff's employees had contact with, were selling to, or were marketing to. (Tr. of October 4, 2002 Hearing at 15). Using that list, Plaintiff's counsel, who already has a customer list provided by Defendants, will compare the lists looking for a match. If there is a match, then Plaintiff's counsel will have the opportunity to get input from Chesney in order to prepare the lawsuit because at this point, with a match, the match becomes relevant to the lawsuit. (*Id.*). However, if there is not a match, then the attorneys' eyes only designation remains and Chesney is not allowed access to Defendants' proprietary interest in its customer list. (*Id.*). Also as agreed upon, Plaintiff's counsel will deliver, under the attorneys' eyes only designation, the customer list developed by Plaintiff to Defendants' counsel. (*Id.* at 16). The Magistrate Judge orders the above be done by November 4, 2002.

**Attorneys' Eyes Only--Defendants Manufacturing Drawings**

The Magistrate Judge next addresses whether the attorneys' eyes only designation on Defendants' manufacturing drawings should be removed. Plaintiff argues that Chesney is needed to review those drawings so as to make determinations as to the origin of Defendants' design for cold beverage merchandisers and change machines. Defendants object on the grounds that the manufacturing drawings were costly to develop, and a competitor with copies of those drawings would gain an unfair advantage.

The Magistrate Judge, at the October 4, 2002 hearing, recommended that Chesney be allowed to review Defendants' manufacturing drawings at the office of Plaintiff's counsel. No copies of the drawings would be provided to Chesney and Chesney would not be permitted to remove the drawings from the office of Plaintiff's counsel. Defendants' counsel, after speaking to their clients regarding the above proposal, agree to the solution, provided that Chesney agree to treat the information he learns as confidential, pursuant to the terms of the Protective Order. (Def.s' Resp. to Pl.'s Countermotion to Compel at 2). The Magistrate Judge finds Defendants provision reasonable and thus, orders Defendants to deliver the manufacturing drawings in question (allegedly the ones produced on September 11, 2002 and beginning with bates-stamp F2925). The Magistrate Judge further orders that the above mentioned manufacturing drawings be delivered to the office of Plaintiff's counsel and remain in his office so that Chesney may review those drawings. Under no circumstances may Chesney make copies of the drawings or remove them from the office of Plaintiff's counsel. The Magistrate Judge orders this be done within a reasonable time.

**Defendants Shipping Documents**

The only remaining issue is whether Plaintiff is entitled to a variety of Defendants' shipping

6

related documents. Specifically, Plaintiff asks for "orders, purchase orders exchanged between the customers and Fortune ..., any nonconfirming memoranda, ... [and] marketing documents." (Tr. of October 4, 2002 Hearing at 18-19). These requests, as argued by Plaintiff, are only for change machines and cold beverage merchandisers. (*Id.* at 19). Plaintiff argues these documents are necessary to show the exact dates when Defendant Fortune's alleged pattern of deceit began and may further "provide the identity of third party witnesses (i.e. shipping companies) which may, upon subpoena, provide information contradictory to what Fortune says about its own conduct." (Pl.'s Resp. to Mot. to Compel and Countermotion to Compel at 6).

Defendants argue Plaintiff's request is both "unreasonably cumulative or duplicative" and "the burden or expense of the proposed discovery outweighs its likely benefit." (Def.s' Resp. to Pl.'s Countermotion to Compel at 3)(citing Fed. R. Civ. P. 26(b)(2)). Defendants further argue that the invoices, already given to Plaintiff by Defendants, provide precisely the information sought by Plaintiff. Specifically, Defendants argue the invoices provide: who the products were sold to, exactly what products were sold, how many products were sold, the date the products were sold, the price at which they're sold, and the companies which shipped the product to the customer. (Tr. of October 4, 2002 Hearing at 17-18).

The Magistrate Judge disagrees with Defendants' assertion that production of requested shipping documents is unreasonably cumulative or duplicative, but instead addresses the burden argument asserted by Defendants. Under the Federal Rules of Civil Procedure, the Magistrate Judge may take into account the burden or expense of the proposed discovery and whether that burden outweighs the benefit. *See* Fed. R. Civ. P. 26(B)(2). In weighing the burden versus the benefit, the Magistrate Judge considers the "needs of the case, the amount in controversy, the parties' resources,

7

the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Id.*

Plaintiff's Second Amended Complaint alleges Defendants breached a confidentiality agreement, tortiously interfered with Plaintiff's relationship with one of its employees, and tortiously interfered with Plaintiff's relationship with its customers. Plaintiff's argument for the shipping documents boils down to being able to compare Plaintiff's clients, before losing one of their employees, with Defendants' clients after one of Plaintiff's clients left to work for Defendants. The Magistrate Judge finds the shipping documents and bills of lading, as requested by Plaintiff, to be relevant to Plaintiff's claims and thus discoverable. *See* Fed. R. Civ. P. 26(b)(1). These documents are also readily available and thus not burdensome for the Defendants to compile and turnover. Therefore, the Magistrate Judge orders Defendants to disclose, within a reasonable time, all shipping documents and bills of lading, from March 1999 through 2001,[2] regarding cold beverage merchandisers and change machines. The Magistrate Judge denies Plaintiff's motion as to orders, purchase orders, and confirming memoranda.

Lastly, the Magistrate Judge reminds the parties of their continuing obligation to disclose all relevant information (i.e. marketing documents), if available, throughout the discovery process as mandated under Rule 26(e)..

### Conclusion

For the above stated reasons, Plaintiff's Motion to Compel is granted in part and denied in part. The Magistrate Judge orders the attorneys' eyes only designation be removed only when there

---

[2] The Magistrate Judge will use the dates supplied by Plaintiff's counsel as the applicable dates. (Tr. of October 4, 2002 Hearing at 11).

8

is a match between Plaintiff's customer list and Defendants' customer list so that Chesney may assist Plaintiff's counsel. The Magistrate Judge orders this done by November 4, 2002. Additionally, the Magistrate Judge orders Defendants to deliver the manufacturing drawings in question to the office of Plaintiff's counsel. Any manufacturing drawings delivered to Plaintiff's counsel must remain in his office so that Chesney may review those drawings. Under no circumstances may Chesney make copies of the drawings or remove them from the office of Plaintiff's counsel. The Magistrate Judge orders this be done within a reasonable time. Finally, the Magistrate Judge orders Defendants to disclose, within a reasonable time, all shipping documents and bills of lading, from March 1999 through 2001, regarding cold beverage merchandisers and change machines.

ENTER:

*[signature]*

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 10/23/02